**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **IEC (MONTGOMERY), LLC, and** ] | |
| **CHRISTIAN COAL HOLDINGS,** ] | |
| **LLC,** ] | |
| ] | |
| **Plaintiffs,** ] | **CV-07-BE-0272-S** |
| ] | |
| **v.** ] | |
| ] | |
| **BPI ENERGY, INC.,** ] | |
| ] | |
| **Defendant.** ] | |

**MEMORANDUM OPINION**

This case is before the court on Defendant BPI Energy, Inc.'s "Motion to Dismiss for Failure to Register, Improper Venue, and Lack of Personal Jurisdiction, or Alternatively, to Transfer to a More Convenient Forum." (Doc. 5). For the reasons discussed below the court finds that, although it has personal jurisdiction over the out-of-state defendants, venue is improper in this court. Defendant's Motion to Dismiss is, therefore, due to be GRANTED.

**I.    STATEMENT OF FACTS**

Plaintiffs IEC (Montgomery), LLC and Christian Coal Holdings, LLC have sued BPI Energy, Inc. for breach of contract arising out of two lease agreements for the production of coal bed methane from coal beds in Illinois. Both Plaintiffs are Illinois corporations with their principal places of business in Birmingham, Alabama; Defendant is a Nevada corporation with its principle place of business in Solon, Ohio.

The leases at issue cover over 100,000 acres in the Illinois Basin, a geological formation covering approximately 60,000 square miles in Illinois, southwestern Indiana, and northwestern Kentucky. IEC and Christian owned coal rights to two pieces of property located within the

Illinois Basin, and intended to mine the coal from the two areas.  Coal mining operations normally require the prior extraction of coal bed methane gas ("CBM"), found in and around coal seams, in order to adequately and safely mine the coal.  The primary energy source of all natural gas is methane; CBM production is thus another form of natural gas exploration and recovery.  In the Illinois Basin, several independent energy companies are engaged in the exploration, production, and commercial sale of CBM, helping to avoid wasting a potentially valuable and non-renewable energy resource.   On April 26, 2006, Plaintiffs each entered into "coal seam gas lease agreements" with Defendant BPI, granting BPI the rights to degas the CBM from Plaintiffs' coal mines in the two areas.

Plaintiffs allege that BPI has failed to abide by the terms of the coal seam gas lease agreements, and instituted the present lawsuit in this court on February 9, 2007.[1]  Defendant has now moved to dismiss Plaintiffs' complaint on the basis of lack of personal jurisdiction, improper venue, and forum non conveniens.[2]

## II.   PERSONAL JURISDICTION

### A.   Standard of Review

---

[1] On March 13, 2007, BPI instituted a lawsuit in the Southern District of Illinois against IEC, Christian, and others, alleging claims related to the same underlying lease agreements at issue here.   The Illinois district court dismissed the complaint without prejudice, because BPI had not properly alleged diversity of citizenship of the parties, and thus had not established subject-matter jurisdiction.  On April 18, 2007, BPI filed, with leave of court, an Amended Complaint.  The Illinois court ordered the parties to conduct limited discovery concerning the citizenship of the defendant corporations.  This court notes that subject-matter jurisdiction has not been at issue in this case, because Plaintiffs IEC and Christian have properly alleged diversity of citizenship.

[2] Defendant also sought dismissal on the basis that Plaintiffs had not registered with the Alabama Secretary of State as corporations doing business here.  Alabama Code § 10-12-52(a) prohibits a foreign limited liability company transacting business in Alabama from maintaining a cause of action in an Alabama court.  Plaintiffs have now, however, registered with the Alabama Secretary of State.  As such, they may maintain the present action in this court.  *See CS Assets, LLC v. H & H Real Estate Dev., Inc.*, 353 F. Supp. 2d 1187, 1189 (N.D. Ala. 2005) ("a limited liability company who fails to register as required by section 10-12-52(a) is permitted to continue with any action it filed prior to registration so long as the company duly registers prior the court's determination of a motion to dismiss.").

The court first notes that "[i]n the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988) (internal citations omitted). The plaintiff has established a prima facie case if it "presents sufficient evidence to defeat a motion for a directed verdict." *Id.* A district court must construe all allegations in the complaint as true, unless they are controverted by defendant. Where the evidence presented by the parties' affidavits conflict, the court is to construe all reasonable inferences in favor of the non-movant plaintiff. *Id.*

To exercise personal jurisdiction over a non-resident defendant, a plaintiff must show that defendant had sufficient contacts with the forum state to satisfy both the requirements of the state's long-arm statute and the due process requirements of the United States constitution. *Williams Electric Co. v. Honeywell, Inc.*, 854 F.2d 389, 391 (11th Cir. 1988). The Alabama Supreme Court has interpreted Alabama's long-arm statute as extending as far as the limits permitted by constitutional due process. *Elliott v. Van Kleef*, 830 So. 2d 726, 729 (Ala. 2002).

Under the constitutional requirements of due process, a court may exercise personal jurisdiction over a defendant when (1) the defendant has sufficient "minimum contacts" with the forum state and (2) the exercise of jurisdiction would comport with "traditional notions of fair play and substantial justice." *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1545 (11th Cir. 1993) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Plaintiffs assert that Defendant BPI has sufficient contacts for this court to exercise specific jurisdiction. Specific jurisdiction, as distinguished from general jurisdiction, arises when "a party's contacts with the forum . . . are related to the cause of action." *Williams Electric*, 854 F.2d at 392 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945))

**B.     Discussion**

The parties agree that Defendant's only direct physical contacts with the state of Alabama

are a series of visits to Alabama from 2003 through 2006.  During these visits, the President of

BPI and the Director of Property Acquisitions, among others, met with representatives of IEC,

Christian, and other related entities.  Defendant does not dispute that at these meetings its

representatives discussed with IEC and Christian the Illinois Basin properties that are the subject

of the lease agreements.  Defendant argues, however, that the discussions solely focused on

"technical issues," not negotiations related to the lease agreements, and were all conducted "at

Drummond's invitation."[3]  Plaintiffs have produced affidavits demonstrating that the BPI

representatives discussed with IEC and Christian topics such as BPI's expertise in CBM

extraction; the potential benefits of a relationship between BPI and IEC; the methodology BPI

would use for extracting CBM; and BPI's desire to enter into coal seam gas lease agreements

with IEC, Christian, and other Drummond entities.

Plaintiffs' evidence does not directly contradict Defendant's contention that the

representatives did not actually negotiate these lease agreements on these visits.  Rather,

Plaintiffs argue that Defendant – in characterizing the Alabama meetings as related only to

"technical issues" – has downplayed the significance of the discussions to the ultimate lease

agreements executed between the parties.  Plaintiffs note that, even if the court were to accept

Defendant's characterizations of these meetings, the "technical issues" discussed are of utmost

importance to owners of coal reserves, and that the discussions were designed to reassure and

induce IEC and Christian into executing the lease agreements with BPI.  The court finds

Plaintiffs' reasoning regarding the importance of these discussions persuasive, especially given

---

[3] IEC and Christian are subsidiaries of Drummond Coal Co., a non-party to this action.

that the court is to draw all reasonable inferences in favor of the non-movant plaintiff.

Plaintiffs have put forward sufficient evidence to establish that Defendant BPI has purposefully established sufficient "minimum contacts" with the state of Alabama to support jurisdiction here.  Defendant's repeated visits to Alabama were related to the lease agreements underlying this cause of action.  While on these visits, Defendant sought to secure a business relationship with IEC and Christian.  The court finds that these efforts constitute purposeful availment of the privilege of conducting activities in Alabama, and that they are sufficient for the Defendant to reasonably anticipate being haled into court in Alabama.  The exercise of personal jurisdiction over BPI, therefore, does not violate traditional notions of fair play and substantial justice.

Defendant's motion to dismiss for lack of personal jurisdiction is hereby DENIED.

## II.    IMPROPER VENUE

Defendant also seeks dismissal of Plaintiffs' complaint on the basis that the Northern District of Alabama is an improper venue.  Pursuant to 28 U.S.C. § 1391(a)(1), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated."  Venue may be proper in more than one district.  *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003).  The Eleventh Circuit Court of Appeals has reasoned that the venue statute "emphasizes the importance of the place where the wrong has been committed," and has approved of an analytical framework "which considered as relevant only those acts and omissions that have a close nexus to the wrong . . . ."  *Id.* at 1371-72.  The Court specifically rejected a venue analysis where "its flavor was that of a 'minimum contacts' personal jurisdiction analysis rather than a proper venue analysis."  *Id.*

To consider what events or omissions gave rise to the claim, the court will first look at Plaintiffs' actual claims.  Plaintiffs have asserted that Defendant breached the lease agreements by:

(a)     failing to use its "best efforts to commercially produce all economically recoverable [CBM]";

(b)     failing to "conduct exploration, drilling, production and marketing in a reasonable and prudent manner;"

(c)     failing to provide maps of existing and proposed gas wells;

(d)     failing to maintain and furnish adequate books and records regarding its plan to develop the Leases; and

(e)     failing to obtain and maintain adequate insurance coverage in the amounts expressly required under the [leases].[4]

The court finds that the above alleged breaches all involve conduct that occurred, or should have occurred, at the site of the two properties in the Illinois Basin or at the Defendant's place of business, *not* in the state of Alabama.  Plaintiffs argue that a substantial part of the negotiations leading up to the execution of the lease agreements at issue occurred in Alabama. Plaintiffs have not, however, brought any claims – such as claims based on fraud or misrepresentation – that arise directly from those negotiations.  In fact, under traditional rules governing contract interpretation, a determination of whether Defendant had breached its lease agreements would only look to the plain terms of the leases themselves, not to the parol evidence of the representations made during the negotiation process.  *Alabama Elec. Co-Op., Inc. v. Bailey's Constr. Co.*, 950 So. 2d 280, 287 (Ala. 2006). The wrong Plaintiffs complain of occurred after the lease agreements were executed, in the Defendant's alleged failure to comply with the terms of the leases.  Any representations made during Defendant's representatives' visits

---

[4]  Pl.'s Complaint at ¶ 37, 46.

to Alabama have little to do with the alleged breaches of the lease agreements.  Accordingly, the discussions and meetings that occurred in Alabama do not form a "substantial part of the events or omissions" that gave rise to Plaintiffs' breach of contract claims.

The court finds that venue in the Northern District of Alabama is improper.  Defendant's motion to dismiss for improper venue is, therefore, GRANTED.  The court need not consider the forum non conveniens issue, because the case is not properly before it.

## IV.    CONCLUSION

For the reasons discussed above, the court finds that Defendant's motion to dismiss for lack of personal jurisdiction is DENIED; but that Defendant's motion to dismiss for improper venue is GRANTED.  Because the case is not properly before this court, it need not address the forum non conveniens arguments raised in Defendant's motion to dismiss.

A separate order will be entered contemporaneously with this memorandum opinion.

DATED this 11th day of May, 2007.


KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE